**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | I.D. # 1104009042 |
| | ) | |
| JASON GRZYBOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: June 27, 2025
Date decided: July 9, 2025

## ORDER DENYING DEFENDANT'S SIXTH
## MOTION FOR CORRECTION OF ILLEGAL SENTENCE

1.      The Court issued an Order on May 14, 2025, detailing the procedural history of Jason Grzybowski's ("Grzybowski") motion practice after his sentencing.[1] In that Order, the Court denied Grzybowski's motion, which argued that his sentence was illegal under the United States Supreme Court's decision in *Erlinger v. United States.*[2]  The Court explained that it did not need to address Grzybowski's argument under *Erlinger* because Grzybowski agreed in the Plea Agreement that he was eligible to be sentenced as a Habitual Offender.  Having admitted he was subject to Habitual Offender sentencing, the Court ruled that Grzybowski could not claim his rights were violated by an enhanced sentencing under the statute.

---

[1] D.I. 61.
[2] 602 U.S. 821 (2024).

2.      On June 27, 2025, Grzybowski filed another Motion for Correction of Illegal Sentence under Superior Court Rule 35(a)[3] (the "Sixth Motion"). He argues the sentence is illegal because when the court granted the State's motion to declare him a Habitual Offender, the court could not impose a sentence any greater than the sentence requested by the State. In the Plea Agreement, the State agreed to cap its recommendation at 15 years, but the court sentenced him to 18 years.

3.      Grzybowski relies on *Reeder v. State*.[4] In *Reeder*, the State moved to declare the defendant a Habitual Offender on four of the 14 counts he was convicted on after trial. The court granted the motion and sentenced the defendant to the minimum mandatory 32 years. The State then filed a motion for correction of sentence, arguing that the defendant was actually eligible for Habitual Offender status on all 14 counts. The court granted the motion and sentenced the defendant to 112 years.

4.      On appeal, the defendant argued that the lower court had discretion to declare him a Habitual Offender on one or all of the counts, meaning that the court was not required to grant Habitual Offender status on all the counts (as requested by the State), but could decline to grant such status on some of the counts. The Delaware Supreme Court rejected this argument, ruling that the State has discretion

---

[3] D.I. 62.
[4] 783 A.2d 124 (TABLE), 2001 WL 355732 (Del. Mar. 26, 2001).

to seek Habitual Offender status on each eligible charge, and the court must grant the motion as requested by the State.[5] That is, "Delaware law clearly indicates that 'where the State initiates the habitual offender process, the court is limited to granting only the result sought by the State.'"[6] While the sentencing court has no discretion to deny a properly filed Habitual Offender designation, the court retains discretion in imposing a sentence within the parameters of the enhanced sentencing. The court is not bound by the State's sentencing recommendation and a sentence is not illegal merely because the court imposed more time than the State recommended. Grzybowski affirmed in the Truth-In-Sentencing form that he was subject to a sentence range of 8 years to Life in prison. The court-imposed sentence was within that range.

5. Grzybowski's sentence was not illegal. The Sixth Motion is **DENIED**.

**IT IS SO ORDERED**.

*/s/Kathleen M. Miller*
Kathleen M. Miller, Judge

Original to Prothonotary
cc:  Jason R. Grzybowski (SBI#00317858)
     Brian Arban, Esq.
     Matthew C. Bloom, Esq.

---

[5] *Id.*, at *3.
[6] *Id.* (citation omitted).

3